UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 1877<br>ALL CASES<br><br>Master File:<br>Civil Action No. 5:07-cv-353-JMH |

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion for a Protective Order filed by GeoStar Corporation (hereinafter, "GeoStar"), Tony Ferguson, John Parrot, and Thom Robinson (hereinafter, collectively, "Movants") [Lexington Civil Action No. 07-353-JMH, Record No. 492].[1]

In that Motion, Movants have requested a limited protective order deferring certain discovery of the Movants in light of a pending criminal investigation in Oregon into matters related to the case at bar.  Movants believe that they may potentially be subject to criminal proceedings as a result of that investigation. If no stay of non-document discovery is set into place, the individual defendants opine that they will be forced to assert the

---

[1] Also docketed at Lexington Civil Action Nos. 06-243-JMH [Record No. 243]; 07-347-JMH [Record No. 70]; 07-348-JMH [Record No. 103]; 07-349-JMH [Record No. 86]; 07-351-JMH [Record No. 29]; 07-352-JMH [Record No. 40]; 07-419-JMH [Record No. 53]; 08-17-JMH [Record No. 15]; 08-53-JMH [Record No. 64]; 08-79-JMH [Record No. 10]; 08-104-JMH [Record No. 10]; 08-109-JMH [Record No. 62]; 08-321-JMH [Record No. 6].

Fifth Amendment privilege against self-incrimination in response to non-document discovery requests in the present matter. The Movants express concerns that they will then be vulnerable to adverse inferences that may be drawn from such a response and hope that, by delaying the discovery for a short while, they will be in a better position to evaluate whether or not they even need to exercise their Fifth Amendment privilege against self-incrimination. Thus, they argue they may be able to avoid any further inconvenience to the other parties and injury to the scheduling order in place in this matter.

John Goyak and Associates, Inc., filed a response in opposition thereto [Lexington Civil Action No. 07-353-JMH, Record No. 495].[2] Other parties also filed a response in opposition to the Motion for Protective Order: Michael Ginaldi and Ginaldi Thoroughbreds, LLC [Lexington Civil Action No. 07-353-JMH, Record No. 502], Nelson Breeders, LC, MacDonald Stables, LLC, Jaswinder and Monica Grover, West Hills Farms, LLC, and Arbor Farms, LLC (hereinafter, "West Hills Farms Plaintiffs") [Lexington Civil Action No. 07-353-JMH, Record No. 505][3], and J&L Canterbury Farms,

---

[2]Also docketed at Lexington Civil Action No. 08-53-JMH [Record No. 72].

[3]The West Hills Farms Plaintiffs also filed a Motion for a Status Conference, seeking a hearing on this motion. [Lexington Civil Action No. 07-353-JMH (Record No. 484); Lexington Civil Action No. 06-243-JMH (Record No. 239)]. That motion, apparently withdrawn, as well, shall be denied as moot.

LLC, and Leo and Jean Hertzog [Lexington Civil Action No. 07-353-JMH, Record No. 506], and Spencer D. Plummer, III, S. David Plummer, II, S. David Plummer, Buffalo Ranch, David Plummer, and Spencer Plummer [Lexington Civil Action No. 07-353-JMH, Record No. 508].

Movants filed a Reply in further support of their Motion for a Protective Order [Lexington Civil Action No. 07-353-JMH, Record No. 524][4], responsive to the Goyak's Response and objections, as well as several documents styled Proposed Agreed Orders and Stipulations which purport to resolve the dispute presented by the Motion for Protective Order with regard to the other interested parties [Lexington Civil Actions 06-243-JMH (Record No. 251)[5], 07-349-JMH (Record No. 92)[6], 08-109-JMH (Record No. 69)[7]] with reference to the Motion for Protective Order.

With the exception of Respondents John Goyak, Dana Goyak, John Goyak and Associates, Inc., and Jupiter Ranches, LLC, all of the parties that originally objected to the Motion for Protective Order have withdrawn their objections by virtue of the proposed agreed

---

[4] Also docketed at Lexington Civil Action No. 08-53-JMH, Record No. 82.

[5] Also docketed at Lexington Civil Action No. 07-353-JMH: Record No. 518.

[6] Also docketed at Lexington Civil Action No. 07-353-JMH, Record No. 519.

[7] Also docketed at Lexington Civil Action No. 07-353-JMH, Record No. 520.

orders presented to the Court. As a result, the Court understands that the responding parties, save the Goyak Plaintiffs, have agreed to delay scheduling the depositions of and requiring responses to interrogatories or requests for admissions by Defendants Tony Ferguson, John Parrot, and Thom Robinson until December 1, 2008. Further, the Movants have withdrawn their other requests for relief and are in agreement with the other parties that all other discovery, including depositions of third parties and other employees of the various parties, should proceed apace at this time. As Movants no longer seek a protective order preventing discovery of GeoStar itself, the Motion for a Protective Order is moot in that respect.

The Court being sufficiently advised, it must now carefully consider the remaining request for relief and the objections of the Goyak Plaintiffs.[8] Specifically, the Goyak Plaintiffs argue that Tony Ferguson, John Parrot, and Thom Robinson are not entitled to

---

[8]   Also on August 26, 2008, Plaintiffs John Goyak, Dana Goyak, John Goyak and Associates, Inc., and Jupiter Ranches, LLC, filed an objection [Lexington Civil Action No. 07-353-JMH, Record No. 525; Lexington Civil Action No. 08-53-JMH, Record No. 83] to the Proposed Agreed Orders and Stipulations. A response and reply with regard to this motion have also been filed. [Lexington Civil Action No. 08-53-JMH, Record Nos. 87 and 91] The Goyak Plaintiffs request that this Court strike the proposed Agreed Orders since they have not acquiesced in the motion. The Court does not believe that such relief is warranted as none of the papers indicate that the Goyak Plaintiffs have agreed to anything, the Goyak Plaintiff's have had ample opportunity to state their objections to the Motion for Protective Order, and the Court has noted and considered the Goyak Plaintiff's opposition to the Motion for Protective Order. Accordingly, this request for relief will be denied.

a stay of discovery merely because a criminal investigation is ongoing, because criminal charges are pending or possible, or where a threat to a defendant's Fifth Amendment privilege is negligible. They ask that the Court deny the motion and permit them to proceed with discovery of all individual defendants.

Certainly, the law of the Sixth Circuit, the jurisdiction from which the individual matter of *Goyak v. ClassicStar, LLC*, hails, is clear.  A defendant is not entitled to a stay because of the overlap in subject matter between a civil action and a criminal proceedings which forces him or her to invoke his or her Fifth Amendment privilege during civil proceedings. *U.S. v. Certain Real Property, 566 Hendrickson Blvd., Clawson, Oakland County, Mich.*, 986 F.2d 990, 997 (6th Cir. 1993); *see also Keating v. Office of Thrift Supervision*, 325 F.3d 322, 326 (9th Cir. 1995) ("[A] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."); *Fed. Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989) (affirming denial of stay where no indictment yet returned because "the case for staying civil proceedings is a far weaker one when no indictment has been returned and no Fifth Amendment privilege is threatened.")

That said, "[t]he scope of discovery is within the sound discretion of the trial court." *S.S. v. East. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008).  In this instance, Movants have not

requested a stay of the civil proceedings in their entirety nor have they actually invoked the Fifth Amendment privilege against self-incrimination; rather they ask the court to stay non-document discovery of the movants for a time in order that they may – prior to answering discovery – have a further opportunity to ascertain whether the criminal matter will proceed and whether they will be the subject of those proceedings, all in the hope that they may avoid the need to "plead the Fifth," i.e., the privilege against self-incrimination, during their participation in discovery in this civil case.

The Goyak Plaintiffs have a right to discovery of these individual defendants (a right which the Movants purport to recognize) and their day in court. Nonetheless, the Court finds that the short stay requested by individual Defendants Ferguson, Parrott, Robinson, David Plummer, and Spencer Plummer only as to discovery directed at them – not other parties, employees of GeoStar, or other third-parties – is not unreasonable at this juncture and may well serve the interest of economy and expediency, notwithstanding the initial delay.[9] Defendants Ferguson, Parrott, Robinson, David Plummer, and Spencer Plummer's request for relief is well taken on this occasion and shall be granted.

The *Goyak* Respondents' desire to commence and conclude

---

[9] Indeed, three months will remain for fact discovery and over six months will remain for expert discovery in this matter as of December 1, 2008.

6

discovery of these defendants in this case must, however, be respected. For this reason, the Court wishes these Movants to know that future requests for delays and extensions of discovery may not be well received. Further, this Court shall order that responses to interrogatories or requests for admissions served to Defendants Tony Ferguson, John Parrott, Thom Robinson, David Plummer, and Spencer Plummer prior to the filing of the Motion for Protective Order at bar should be made and served on all required parties no later than December 1, 2008.

Accordingly, **IT IS ORDERED**

(1) that the request made by Plaintiffs John Goyak, Dana Goyak, John Goyak and Associates, Inc., and Jupiter Ranches, LLC, that the Court strike certain proposed agreed orders [Lexington Civil Action No. 07-353-JMH, Record No. 525; Lexington Civil Action No. 08-53-JMH, Record No. 83] shall be, and the same hereby is, **DENIED**;

(2) that the West Hills Farms Plaintiffs' Motion for a Status Conference [Lexington Civil Action No. 07-353-JMH (Record No. 484); Lexington Civil Action No. 06-243-JMH (Record No. 239)] shall be, and the same hereby is, **DENIED AS MOOT**;

(3) that the Motion for a Protective Order filed by GeoStar Corporation, Tony Ferguson, John Parrot, and Thom Robinson [Lexington Civil Action Nos. 07-353-JMH, Record No. 492; Lexington Civil Action Nos. 06-243-JMH [Record No. 243]; 07-347-JMH [Record

7

No. 70]; 07-348-JMH [Record No. 103]; 07-349-JMH [Record No. 86]; 07-351-JMH [Record No. 29]; 07-352-JMH [Record No. 40]; 07-419-JMH [Record No. 53]; 08-17-JMH [Record No. 15]; 08-53-JMH [Record No. 64]; 08-79-JMH [Record No. 10]; 08-104-JMH [Record No. 10]; 08-109-JMH [Record No. 62]; 08-321-JMH [Record No. 6]]. shall be, and the same hereby is, **GRANTED IN PART** and **DENIED AS MOOT IN PART**;

(4) that the depositions of Defendants Tony Ferguson, John Parrott, and Thom Robinson shall not be scheduled to take place prior to December 1, 2008;

(5) that Defendants Tony Ferguson, John Parrott, and Thom Robinson shall not be required to respond to interrogatories or requests for admissions prior to **December 1, 2008**, but shall make and serve their responses to all timely served discovery requests no later than **December 1, 2008**;

(6) that all other permitted forms of discovery of and by the parties shall proceed unless otherwise made the subject of an order of this Court.

This the 28th day of October, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

8