```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | MDL No. 1877 <br><br> Master File: <br> Civil Action No. 07-353-JMH <br><br> Civil Action Nos. <br> 06-243-JMH <br> 07-347-JMH <br> 07-348-JMH <br> 07-349-JMH <br> 07-351-JMH <br> 07-352-JMH <br> 07-419-JMH <br> 08-18-JMH <br> 08-53-JMH <br> 08-109-JMH <br> 08-321-JMH |

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Motion to Intervene and File Complaint for Interpleader, Instanter [Lexington Civil Action No. 07-353-JMH, Record No. 553; 06-243-JMH, Record No. 255; 07-347-JMH, Record No. 75; 07-348-JMH, Record No. 112; 07-349-JMH, Record No. 95; 07-351-JMH, Record No. 34; 07-352-JMH, Record No. 45; 07-419-JMH, Record No. 64; 08-18-JMH, Record No. 20; 08-53-JMH, Record No. 94; 08-109-JMH, Record No. 72; 08-321-JMH, Record No. 12], filed by Travelers Casualty and Surety Company of America ("Travelers").

Defendants Geostar Corporation, Tony Ferguson, John Parrott, and Thom Robinson [Lexington Civil Action No. 07-353-JMH, Record No. 585; 06-243-JMH, Record No. 258; 07-347-JMH, Record No. 78; 07-

348-JMH, Record No. 115; 07-349-JMH, Record No. 98; 07-351-JMH, Record No. 37; 07-352-JMH, Record No. 48; 07-419-JMH, Record No. 70; 08-53-JMH, Record No. 100; 08-109-JMH, Record No. 75; 08-321-JMH, Record No. 15] and James D. Lyon, the Trustee for the bankruptcy estate of ClassicStar, LLC [Lexington Civil Action No. 07-353-JMH, Record No. 588; 06-243-JMH, Record No. 261; 07-347-JMH, Record No. 81; 07-348-JMH, Record No. 118; 07-349-JMH, Record No. 101; 07-351-JMH, Record No. 38; 07-352-JMH, Record No. 51; 07-419-JMH, Record No. 73; 08-109-JMH, Record No. 78], have each filed Responses, stating that they do not oppose Traveler's motion and requesting a conference with the insured's under the relevant policy to discuss a fair distribution of funds to be used for defense fees and costs should the motion be granted.

S. David Plummer and Spencer D. Plummer have filed a response in opposition to the Motion, arguing that Traveler's Motion is untimely, that the relief requested would prejudice the insureds, and that it would be inequitable to excuse Traveler's from performing under its policy and shift the administrative costs of reviewing and approving the defendants' requests for payment of defense expenses [Lexington Civil Action No. 07-353-JMH, Record No. 586; 06-243-JMH, Record No. 259; 07-347-JMH, Record No. 79; 07-348-JMH, Record No. 118; 07-349-JMH, Record No. 99; 07-352-JMH, Record No. 49; 07-419-JMH, Record No. 71; 08-53-JMH, Record No. 101; 08-109-JMH, Record No. 76; 08-321-JMH, Record No. 16]. Travelers has

filed a Reply in Support of its Motion [Lexington Civil Action No. 07-353-JMH, Record No. 599; 06-243-JMH, Record No. 264; 07-347-JMH, Record No. 84; 07-348-JMH, Record No. 121; 07-349-JMH, Record No. 104; 07-351-JMH, Record No. 41; 07-352-JMH, Record No. 54; 07-419-JMH, Record No. 77; 08-53-JMH, Record No. 105; 08-109-JMH, Record No. 81; 08-321-JMH, Record No. 24], responding to the Plummers objections.  The Court being sufficiently advised, this Motion is ripe for consideration, and, for the reasons stated below, the Motion shall be denied.

    Travelers issued an insurance policy to GeoStar which contains a Directors and Officers Liability Coverage Part.  Certain insureds, GeoStar, ClassicStar, and the other proposed Intervenor Defendants, have demanded defense and indemnity under the policy with regard to the suits captioned above.  Travelers has agreed to defend these parties in several of the suits pursuant to a reservation of rights.  Because of the structure of the policy, the Court understands that accrued defense costs erode the available limits with regard to liability coverage.  Further, some plaintiffs in these cases have made settlement demands which, when totaled, exceed the available limits under the Policy.  In other words, there is a limited and eroding fund available to the insureds to cover their defense of these matters and any liability for acts covered by the policy.

    Pursuant to Fed. R. Civ. P. 24(b), Travelers seeks to

3

intervene in this action and file a complaint for interpleader as described in 28 U.S.C. 1335. Specifically, Travelers wishes to file its Complaint in Interpleader so that it may obtain certainty regarding the rights of the various insureds to the remaining fund with regard to paying for the defense of the various insureds and, potentially, the distribution of those funds in settlement of the matters pending before this Court. Travelers wishes to pay those funds into the Court's registry so that the Court may supervise the distribution of those funds for the defense and or settlement of the lawsuits.

Fed. R. Civ. P. 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Travelers needs only identify one common question of law or fact, but, if none are present, intervention is not appropriate under Fed. R. Civ. P. 24(b). *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 227 (3d Cir. 2005); United *States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005); *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) ("The language of the rule makes clear that if the would be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, intervention under Rule 24(b)(2) must be denied."); *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (motion to intervene properly

denied where "issue of insurance coverage [related to failure of notification to insurer about potentially insurable event by insured] is unrelated to the issue of fault in [underlying tort] action"); *Lower Ark. Valley Water Conserv. Dist. v. United States*, 242 F.R.D. 687, 690-91 (D. Colo. 2008); *United States v. Kennecott Utah Copper Corp.*, No. 2:07-cv-485-DAK, 2007 WL 4270568, *2 (D. Utah Nov. 30, 2007). Having considered the motion, the Court is not persuaded that the tendered Complaint in Interpleader raises a common question of law or fact with those actions already pending in this Court.

Effectively, Travelers wishes to join any dispute over the funds it controls in the set of cases consolidated before this Court. However, none of the underlying disputes in the matters consolidated before this Court as part of MDL No. 1877 arise under the contract of insurance by and between Travelers and its insureds, nor do they concern themselves with the enforcement or breach of that contract. True, as Travelers point out, plaintiffs in the underlying suits allege liability for fraud on the part of Travelers' insureds, and some insureds have made cross-claims alleging wrongdoing on the part of other insureds which sounds in fraud. Ultimately, Travelers may have the right to rely on the fraud exclusion in the Policy to deny coverage to some or all of its insureds if it is determined that fraud, in fact, occurred as alleged in the claims and cross-claims. Nonetheless, the issues of

5

coverage raised by Travelers in its tendered Interpleader Complaint are, at best, tangentially related and, ultimately, irrelevant to resolution of the allegations and cross-allegations made in the cases consolidated before this Court as part of MDL 1877.

This is all the more poignant by the nature of the tendered complaint. Interpleader is "a suit to determine a right to property held by a usu[ally] disinterested third party (called a *stakeholder*) who is in doubt about ownership and who therefore deposits the property with the court to permit interested parties to litigate ownership." Black's Law Dictionary (8th ed. 2004). Although Fed. R. Civ. P. 22 provides that interpleader is proper even though "the plaintiff denies liability in whole or in part to any or all of the claimants," 28 U.S.C. § 1335 contemplates that the party seeking interpleader of funds has no particular interest in the funds – beyond their appropriate distribution to and among the defendants in interpleader – and intends to "abide the judgment of the court" with regard to the resolution of the dispute between the interpleader defendants.

Indeed, Travelers purports to be disinterested in its tendered Interpleader Complaint and does not even mention the fraud exclusion in the text of the tendered pleading. The proposed Complaint in Interpleader avers that Travelers has no interest in the funds and, thus, Travelers seeks permission to pay the remaining policy amounts into the Court's registry so that the

Court may administer the fund (that Travelers undertook by contract to administer) and asks the Court to absolve Travelers of any further liability.  There can be no common question of law and fact where the party seeking to intervene would, in its intervening complaint in interpleader, effectively disavow the only arguable common question of law or fact between the consolidated matters and the proposed intervention.

There being no common question of law and fact between the Interpleader Complaint proposed by Travelers and the matters currently pending before this Court, Travelers' Motion to Intervene shall be denied.  Said motion being denied, Travelers' Motion for Leave to Deposit Interpleader Stake [Lexington Civil Action No. 06-243-JMH, Record No. 256; 07-347-JMH, Record No. 76; 07-348-JMH, Record No. 113; 07-349-JMH, Record No. 96; 07-351-JMH, Record No. 35; 07-352-JMH, Record No. 46; 07-419-JMH, Record No. 65; 08-18-JMH, Record No. 21; 08-53-JMH, Record No. 95; 08-109-JMH, Record No. 73; 08-321-JMH, Record No. 13] shall be denied as moot.

Accordingly, **IT IS ORDERED**:

(1) that the Motion to Intervene and File Complaint for Interpleader, Instanter [Lexington Civil Action No. 07-353-JMH, Record No. 553; 06-243-JMH, Record No. 255; 07-347-JMH, Record No. 75; 07-348-JMH, Record No. 112; 07-349-JMH, Record No. 95; 07-351-JMH, Record No. 34; 07-352-JMH, Record No. 45; 07-419-JMH, Record No. 64; 08-18-JMH, Record No. 20; 08-53-JMH, Record No. 94; 08-109-

JMH, Record No. 72; 08-321-JMH, Record No. 12], shall be, and the same hereby is, **DENIED**; and

(2) Travelers' Motion for Leave to Deposit Interpleader Stake [Lexington Civil Action No. 06-243-JMH, Record No. 256; 07-347-JMH, Record No. 76; 07-348-JMH, Record No. 113; 07-349-JMH, Record No. 96; 07-351-JMH, Record No. 35; 07-352-JMH, Record No. 46; 07-419-JMH, Record No. 65; 08-18-JMH, Record No. 21; 08-53-JMH, Record No. 95; 08-109-JMH, Record No. 73; 08-321-JMH, Record No. 13] shall be, and the same hereby is, **DENIED AS MOOT**.

This the 22nd day of January, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge